UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-1064

MEIQIONG XU,

Petitioner,

v.

ERIC H. HOLDER, JR.,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  February 27, 2009           Decided:  March 23, 2009

Before WILKINSON, MICHAEL, and TRAXLER, Circuit Judges.

Petition dismissed in part and denied in part by unpublished per curiam opinion.

Jason A. Nielson, LAW OFFICES OF JOE ZHENGHONG ZHOU AND ASSOCIATES, PLLC, Flushing, New York, for Petitioner. Gregory G. Katsas, Assistant Attorney General, Leslie M. McKay, Assistant Director, Kristin K. Edison, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Meiqiong Xu, a native and citizen of China, petitions for review of an order of the Board of Immigration Appeals (Board) adopting and affirming the Immigration Judge's (IJ) decision denying her applications for relief from removal. Xu first challenges the Board's finding that she waived appeal of the IJ's finding that she filed an untimely asylum application and no exceptions applied. We find it unnecessary to address this claim because the Board found alternatively that Xu failed to show changed or extraordinary circumstances justifying the untimely filing of her asylum application, and we lack jurisdiction to review this determination. See 8 U.S.C. § 1158(a)(3) (2006); Niang v. Gonzales, 492 F.3d 505, 510 n.5 (4th Cir. 2007); Almuhtaseb v. Gonzales, 453 F.3d 743, 747-48 (6th Cir. 2006) (collecting cases). Given that the Board reviewed the finding at issue, we reject Xu's assertion that she was denied due process when the Board found that she waived appeal.

Next, Xu challenges the finding below that she failed to qualify for withholding of removal. "To qualify for withholding of removal, a petitioner must show that he faces a clear probability of persecution because of his race, religion, nationality, membership in a particular social group, or political opinion." Rusu v. INS, 296 F.3d 316, 324 n.13 (4th

Cir. 2002) (citing INS v. Stevic, 467 U.S. 407, 430 (1984)). Having conducted our review, we conclude that substantial evidence supports the finding that Xu did not establish eligibility for withholding of removal. We likewise uphold the finding below that Xu failed to demonstrate that it is more likely than not that she would be tortured if removed to China. 8 C.F.R. § 1208.16(c)(2) (2008). Finally, we decline to consider evidence in the administrative record that was not the basis for the Board's decision currently before us, see 8 U.S.C. § 1252(b)(4)(A) (2006), and deny Xu's motion for abeyance pending a ruling on her motion to reopen as moot.

We thus dismiss in part and deny in part the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DISMISSED IN PART
AND DENIED IN PART